## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| v. | NOS. 18-449 & 19-015-2 |
| GERALD SPRUELL | |

**PAPPERT, J.**                                                        **January 28, 2021**

### MEMORANDUM

Though represented by counsel, Gerald Spruell moves *pro se* for compassionate release, to quash or dismiss the Government's indictment for violation of his Sixth Amendment speedy trial right and for modification of his detention or sentence under the Bail Reform Act. The Court denies compassionate release because Spruell presents no extraordinary and compelling reasons warranting his release and, in any event, the factors under 18 U.S.C. § 3553(a) counsel against granting relief. The Court also denies Spruell's remaining claims because he fails to establish a violation of his speedy trial right or grounds for modifying his detention.

I

A

On October 17, 2018, Spruell was charged with two counts of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). (Indictment, ECF No. 1, No. 18-449.) These charges stem from two unrelated incidents where law enforcement officers found firearms in Spruell's truck. (Gov't Resp. 4–5, ECF No. 73, No. 18-449); (Gov't Resp. 4–5, ECF No. 484, No. 19-015-2.) On one occasion, officers found a .380 caliber firearm and a Glock 9mm firearm loaded with an extended magazine holding thirty-one rounds of ammunition. (*Id.* at 19–20.) A few months later, on January 9,

1

2019, a grand jury indicted Spruell and eight others for conspiracy to distribute crack cocaine and heroin in violation of 21 U.S.C. § 846 and other related drug charges. (Indictment, ECF No. 1, No. 19-015-2.)  The grand jury returned a superseding indictment on November 13, 2019.  (Superseding Indictment, ECF No. 143, No. 19-015-2.)  Due to the complexity of the drug case, the Court continued the gun case on March 8, 2019 pursuant to 18 U.S.C. § 3161.  (Order Granting Continuance, ECF No. 18, No. 18-449.)  Since then, the Court has granted Spruell's four unopposed motions to continue trial on the gun charges.  (ECF Nos. 31, 54, 67, 72, No. 18-449.)

The Government's investigation into Spruell's drug conspiracy revealed that for years, Spruell and his codefendants operated a shared drug phone through which they sold multiple kilograms of crack and heroin in South Philadelphia.  (Gov't Resps. at 2.) Faced with a mountain of incriminating evidence, six of Spruell's codefendants pled guilty.  (*Id.*)  Spruell and his remaining confederates went to trial and a jury convicted them on all counts.  (*Id.* at 2–4.)  Because he is a career offender, Spruell faced a mandatory minimum sentence of twenty-five years' imprisonment.  (*Id.* at 4.)  On September 9, 2020, the Court sentenced him to twenty-six years' imprisonment and six years' supervised release.  (*Id.*)  The Court denied Spruell post-trial relief under Federal Rules of Criminal Procedure 29 and 33 and he appealed.  (*Id.*)

So far, Spruell has served just over two years of his sentence.  (*Id.* at 1–2.)  Trial on the gun charges is scheduled for April 26, 2021.

B

In November of 2020, Spruell petitioned the warden at FDC Philadelphia for compassionate release claiming his "severe asthma and chronic lung disease" put him

at high risk of complications from COVID-19.  (Gov't Resps. at 6–7.)  The warden denied his request on December 4, 2020.  (*Id.* at 7.)

Having exhausted his prison remedies, Spruell now moves in a *pro se* omnibus Motion for compassionate release or a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A).[1]  He asserts two grounds for relief.  First, he claims his medical conditions increase his risk of severe illness or death from COVID-19 and being in prison increases his risk of contracting COVID-19.  (Mot. for Release 4–5, 7, ECF No. 68, No. 18-449); (Mot. for Release 4–5, 7, ECF No. 481, No. 19-015-2.)  Spruell purports to suffer from severe asthma, a chronic lung disorder and shortness of breath.  (*Id.* at 7.)  He contracted COVID-19 in prison but has since recovered.  (*Id.*); (Gov't Resps. at 8.)  Spruell's medical records do not support his alleged health concerns.  He has not been diagnosed with severe asthma or chronic lung disease, and, although he complained of shortness of breath and a cough when he contracted COVID-19, a pulmonary examination showed no signs of coughing or respiratory distress.  *See* (Gov't Exhibit 1, ECF No. 74, No. 18-449); (Gov't Exhibit 1, ECF No. 485, No. 19-015-2.) Spruell did not have a fever, change in his ability to smell, body aches or nausea or vomiting as a result of COVID-19.  (*Id.*)

Second, Spruell argues the § 3553(a) factors and his purported rehabilitation support compassionate release.  (Mots. for Release at 10–11.)  He touts his status as a

---

[1] Spruell filed the same Motion in both of his cases: Nos. 18-449 & 19-015-2.  Because his appeal in Case No. 19-015-2 is pending, the Court's "jurisdiction to decide the compassionate release motion [in that case is] confined to denying it, indicating that it presents a substantial issue, or indicating that it would be granted if [the Third Circuit] were to remand the case . . . for that purpose." *United States v. Pawlowski*, 967 F.3d 327, 329 n.4 (3d Cir. 2020) (citing *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982); Fed. R. Crim. P. 37(a) (where a district court lacks authority to grant a motion because an appeal is pending, the court may "defer considering the motion," "deny the motion," or "state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue")).

33-year-old with aspirations of leading his own construction company and operating heavy equipment and dump trucks. (*Id.* at 10.) He also cites his difficult upbringing and his desire to be present in his young daughter's life. (*Id.*) He asks the Court to reduce his twenty-six-year sentence to four years time served and a period of supervised release. (*Id.* at 11.)

According to the Government, FDC Philadelphia successfully kept COVID-19 out of its facility until October 30, 2020. (Gov't Resps. at 11.) At that time, an inmate tested positive and the institution locked down. (*Id.* at 11–12.) In total, about two hundred and forty of the one thousand inmates tested positive for COVID-19 during that outbreak. (*Id.* at 12.) Nearly all infected inmates have fully recovered, most were asymptomatic and no inmate suffered significant illness. (*Id.*) As of the date of the Government's Response there were seventeen positive cases of COVID-19 in FDC Philadelphia. (*Id.*) As of today, the BOP reports seventy-five positive inmate cases and three positive staff cases in the facility. *See* COVID-19, *COVID-19 Cases*, Federal Bureau of Prisons, https://www.bop.gov/coronavirus/ (last visited Jan. 28, 2021).

In his omnibus Motion, Spruell further moves to quash or dismiss the gun charges indictment based on alleged violations of his constitutional speedy trial right caused by repeated delays of his trial date. (Mots. for Release at 1, 3.) He also appears to argue for modification of his sentence imposed in Case No. 19-015-2, and for release pending trial in Case No. 18-449. (*Id.* at 1, 7.)

II

A district court may reduce an inmate's sentence as a form of compassionate release only if "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A). But before releasing an inmate a court must also "consider[] the

factors set forth in section 3553(a)." *Id.*  Relevant factors include "the nature and circumstances of the offense" and the need to "protect the public from further crimes of the defendant." *Id.* § 3553(a)(1), (2)(C).

A

Spruell has not presented extraordinary and compelling reasons for his release. Moderate to severe asthma is listed by the CDC as a condition that "might" increase risk of severe illness from COVID-19.  The CDC lists COPD as a condition that is known to increase a patient's risk of severe illness from COVID-19, but it says only that other chronic lung conditions "might" increase a patient's risk.  In any event, Spruell presents no evidence that he has asthma or a chronic lung disorder.  His BOP medical records reference neither condition.  *See* (Gov't Exhibits).  The Presentence Investigation Report in Case No. 19-015-2 reflects that Spruell claimed to be diagnosed with asthma when he was younger, but that he believes he outgrew it.  And although he sometimes experiences shortness of breath, he no longer requires an inhaler to manage the asthma.  On this record, Spruell's supposed asthma and lung disorder cannot justify his release.  *See, e.g.*, *United States v. Millhouse*, No. 06-285-1, 2020 WL 6799170, at * (E.D. Pa. Nov. 19, 2020) (asthma not an extraordinary and compelling circumstance warranting release where defendant presented no symptoms of moderate asthma); *United States v. Solomon*, Nos. 05-350, 05-285, 2020 WL 5231326, at *5 n.5 (W.D. Pa. Sept. 2, 2020) (disregarding asthma in compassionate release analysis where evidence did not suggest asthma was moderate to severe); *United States v. Wannakuwatte*, No. 14-067, 2020 WL 4288026, at *2 (E.D. Cal. July 27, 2020) (compassionate release denied where petitioner presented no evidence of lung disorder).

Spruell's previous experience with COVID-19 does not present an extraordinary and compelling reason for his release either.  Numerous courts have denied compassionate release at least partially because a movant already contracted the virus.  *See, e.g.*, *United States v. Evans*, No. 13-173, 2020 WL 6144006, at *5–6 (W.D. Pa. Oct. 20, 2020); *United States v. Amico*, No. 19-86, 2020 WL 5407913, at *4 (E.D. Pa. Sept. 9, 2020) (collecting cases); *United States v. Hilts*, No. 11-133, 2020 WL 4450373, at *2 (W.D. Pa. Aug. 3, 2020).  Courts have also stated that the possibility of reinfection is not an extraordinary and compelling reason for compassionate release, particularly where a defendant presented minor symptoms in his first experience with the virus and recovered.  *See United States v. Burks*, No. 3:14-cr-208, 2020 WL 4927481, at *3 (W.D.N.C. Aug. 21, 2020) ("Defendant cannot now meet his burden of establishing that his risk is extraordinary and compelling because he has already contracted the virus and escaped unscathed."); *United States v. Logan*, No. 15-cr-027, 2020 WL 3960999, at *2 (W.D.N.C. July 13, 2020) ("The Defendant cannot meet his burden of establishing that his risk of contracting COVID-19 is an extraordinary and compelling reason for a sentence reduction when he has already contracted—and beaten—the virus."); *United States v. Stout*, No. 12-30005, 2020 WL 4437464, at *2 (C.D. Ill. Aug. 3, 2020) (denying release to inmate with asthma who uses daily inhaler after he contracted, and recovered from, COVID-19).

## B

The § 3353(a) factors also counsel against releasing Spruell.  *See United States v. Pawlowski*, 967 F.3d 327, 331 (3d Cir. 2020) (affirming denial of compassionate release because "the § 3353(a) factors weigh[ed]" against release).  Over several years, Spruell

worked almost every day to flood the streets of South Philadelphia with crack and heroin.  (Gov't Resp. at 6.)  The quantity of distributed drugs attributable to Spruell is staggering: 19.452 kilograms of crack and 5.248 kilograms of heroin.  (*Id.*)  That conduct was the culmination of almost two decades of drug crimes and other offenses, including threatening to kill several police officers and fleeing from police and nearly striking a pedestrian with his vehicle.  *See* (*id.* at 5–6).  Releasing Spruell after serving just over two years of a twenty-six-year sentence would be inconsistent with the seriousness of his crimes and fail to promote respect for the law or provide just punishment for his actions.  *See* 18 U.S.C. § 3553(a)(1), (2)(A); *see also United States v. Daniels*, No. 15-127, 2020 WL 4674125, at *4 (E.D. Pa. Aug. 12, 2020) (Defendant "has not yet served even half of his 180-month sentence.  If the Court granted compassionate release at this stage, his sentence would not reflect the seriousness of the offense, promote respect for the law, or provide just punishment for his offense."); *United States v. Holmes*, No. 08-495, 2020 WL 4504440, at *3 (E.D. Pa. Aug. 5, 2020) ("Releasing defendant [with hypertension, asthma and obesity] now would cut his current sentence by almost half and would not appropriately reflect the nature and circumstances of his offenses, promote just punishment, or afford adequate deterrence to criminal conduct.").  Spruell also remains a danger to the community.  *See* 18 U.S.C. § 3553(a)(2)(C).  His Motion fails to demonstrate that this danger has abated after just two-plus years' in jail.

## III

## A

When evaluating constitutional speedy trial claims, courts "focus[] on: (1) the

length of the delay before trial; (2) the reason for the delay and, specifically, whether the government or the defendant is more to blame; (3) the extent to which the defendant asserted his speedy trial right; and (4) the prejudice suffered by the defendant." *United States v. Claxton*, 766 F.3d 280, 293 (3d Cir. 2014) (citing *Barker v. Wingo*, 407 U.S. 514, 530–31 (1972)) (citation omitted).  No single factor is determinative.  *Id.*  "[B]ecause of the imprecision of the right to speedy trial, the length of delay that will provoke such an inquiry is necessarily dependent upon the peculiar circumstances of the case." *Barker,* 407 U.S. at 530–31.

Spruell's speedy trial claim is a non-starter.  More than two years have passed since he was indicted on the gun charges for which he will soon face trial.  But he bears more of the blame for this delay than the Government and he has suffered no prejudice because of the delay.  The Court delayed Spruell's trial on the gun charges initially to accommodate the complex and sweeping trial he faced last year.  (Order Granting Continuance, ECF No. 18, No. 18-449.)  Then Spruell moved for a continuance of the trial date on four separate occasions, including most recently on January 5, 2021, after he filed this omnibus Motion.  (ECF Nos. 31, 54, 67, 72, No. 18-449.)  And since he is serving a twenty-six-year sentence while he awaits trial on the gun charges, it is hard to see how this delay has prejudiced Spruell.  In any event, Spruell claims no prejudice from the delay.

B

Finally, Spruell appears to argue for release under the Bail Reform Act pending trial in Case No. 18-449.[2]  Although that Act contains some mechanisms for re-

---

[2] To the extent Spruell further attacks his conviction and sentence in Case No 19-015-2, such claims are unavailable here because the Court lacks jurisdiction to consider them while his appeal is

examining pre-trial detention decisions, the Government is not holding Spruell in pre-trial detention—he is serving a twenty-six-year sentence imposed for extensive drug crimes.  Even if release were available to Spruell pending trial, he has failed to establish a basis supporting release and, as explained above, remains a danger to the community.  *See* 18 U.S.C. § 3142(g).

An appropriate Order follows.

BY THE COURT:

*/s/ Gerald J. Pappert*
GERALD J. PAPPERT, J.

___

pending.  *See Griggs*, 459 U.S. at 58 (explaining that "[t]he filing of a notice of appeal . . . confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal").